[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Petitioner ("King") filed an amended petition for habeas corpus relief asserting ineffective assistance of counsel alleging inter alia that defense counsel, John O'Brien, Esq., ("O'Brien") essentially failed to conduct an adequate investigation; failed to advise petitioner of the charges and what was required by the State to prove the charges; failed to adequately explain the nature of the court's questions and answers during the canvas and that O'Brien failed to advise King of his right to appeal and to seek a review of his sentence and/or to argue for less at the time of his guilty pleas.
King was originally charged with four counts for acts committed July 30, 1996: Unlawful Restraint in the First Degree in violation of C.G.S. § 53a-95; Assault in the Second Degree in violation of C.G.S. §53a-60; Breach of Peace in violation of C.G.S. § 53-181; and Attempt to Commit Sexual Assault in the First Degree in violation of C.G.S. § 53-49 by way of § 53a-70.
Jury selection started November 5, 1997. On November 6, 1997, King pleaded before Howard Scheinblum, J. to a substitute information of CT Page 5543 Assault in Second Degree in violation of C.G.S. § 53-60 (a)(1); Attempt to Commit Aggravated Sexual Assault in the First Degree in violation of C.G.S. § 53a-49 by way of § 53a-70 (a)(2) and (3) and Kidnaping in the Second Degree in violation of C.G.S. § 53a-94
(a). King pleaded guilty to Assault in the Second Degree and Kidnaping in the Second Degree and was allowed to plead guilty of Aggravated Sexual Assault in the First Degree under the Alford Doctrine.[1] (See Petitioner's Exhibit 20).
King testified he only met O'Brien once in court and that O'Brien did not inform what the state would have to prove as to the charges. King testified that O'Brien wanted him to take the plea bargain and told him he had been overcharged on some counts. King testified O'Brien never told him the sentence was mandatory nor that he had a right to appeal. He felt he would get five years and that if his mother was not there urging him to take the advice of counsel he would have gone to trial.
On examination of Exhibit 20, the court informed King that the aggravated assault charge was punishable up to twenty years in prison and five years of the sentence may not be suspended. Also that kidnaping was punishable up to twenty years in prison of which three years may not be suspended. King was further informed that the sentences could run concurrent and that he faced a potential forty-five years. King after informed as to each charge when asked by the court if he understood all that he was exposed to as punishment, at page 9 of Exhibit 20, the transcript of Judge Scheinblum's canvas King stated that although he did not admit the facts as alleged by the prosecutor "there is a substantial likelihood that I will be convicted by a jury after trial and face a very very long term in prison.
King admitted nobody made him plead guilty and again the court stated at page 10 that the plea bargain was for eight years of which five years was mandatory and roughly 50 percent of the other three years. Again the court informed him he faced up to forty-five years and asked if he wished to continue the trial to which he answered "I don't wish to continue, your Honor." (Exhibit 20 pages 11 and 12).
A petitioner in a habeas case challenging his guilty pleas on the grounds of ineffective assistance of counsel has the heavy burden to prove a two part standard adopted in Strickland v. Washington, 466 U.S. 668,104 S.Ct. 2052 (1984). As set forth in Strickland the petitioner must prove that the attorney's performance fell below an objective standard and that such performances resulted in prejudice. In Hill v. Lockhart,474 U.S. 57, 57-59, 106 S.Ct. 366, 370 (1985) to satisfy the prejudice requirement the petitioner must show "there is a reasonable probability that but for the errors he would not have pleaded guilty and would have CT Page 5544 insisted on going to trial. In addition the petitioner must show that his potential defense would have produced "an acquittal or a more favorable sentence following conviction of the charged offense or of a lesser included offense. Copas v. Commissioner of Corrections, 234 Conn. 139.
The petitioner in this case has failed to show that his counsel's errors prejudiced him. The court at his canvas went over all the charges to which he was pleading and the sentences that he faced. The only claim now is that he will do the time that he bargained for in his plea agreement.
The other claims that he was not correctly advised about his appeal or his right to a review to modify his sentence are also inapplicable in this case.
Accordingly, the petition for habeas is denied.
Frank S. Meadow Judge Trial Referee